## City of Shamokin v. West End National Bank

*Sanford S. Marateck*, for plaintiff.
*Jack M. Hartman*, for defendant.

KREHEL, *P.J.*, May 21, 1982 — There are two major issues here presented in this controversy concerning defendant's motion for a protective order. Plaintiff seeks to depose attorney Jack Younkin regarding certain treasury notes for the purpose of filing a subsequent complaint. Attorney Younkin

was solicitor to defendant-bank and later in September of 1980 became president of the bank as well and presently serves in this dual capacity. A hearing on this motion was held April 28, 1982 and this opinion and order follows.

The first major issue is whether information received by attorney Younkin from certain representatives of the Auditor General's office prior to his becoming president of the bank is protected by the attorney-client privilege and if not, whether this information lies outside the scope of the intended deposition notice.

Attorney Younkin, who was only the bank's solicitor at that time, was carrying about discussions in futherance of his client's interests. The "iron filings" of information from the Auditor General's office, being attracted by, and attached to, the "magnet" of the investigating attorney, are now clustered within the "magnetic field" of the attorney-client privilege surrounding attorney Younkin. He can only relay the information as it was perceived and "mentally processed" by him as the bank's legal advisor. We feel the attorney-client consideration pervaded his receipt of this information to such an extent as to render the information hopelessly magnitized within this privilege.

There is no waiver here. It is the client who has claimed the privilege and it is the client who waives this privilege. 42 Pa.C.S.A. §5928. The client has not done so in this case.

While this court views the notice of deposition to be sufficient to fulfill its basic purpose of giving the responding party an opportunity to prepare, we need not so hold in light of our decision that attorney Younkin is protected by the attorney-client privilege.

The second major issue is whether certain in-

formation provided to attorney Younkin in his capacity as president of defendant bank by retained defense counsel in this pending litigation is protected by the attorney-client privilege. Plaintiff argues that only communications from the client to the attorney are privileged. We cite to Professor Wigmore regarding attorney-client privilege:

That the *attorney's communications to* the client are also within the privilege was always assumed in the earlier cases and has seldom been brought into question. The reason for it is not any design of securing the attorney's freedom of expression, but the necessity of preventing the use of his statements as admissions of the client (§ 1071 *supra*), or as leading to inferences of the tenor of the client's communications-although in this latter aspect, being hearsay statements, they could seldom be available at all. 8 Wigmore § 2320. (Emphasis supplied.)

In accord is In re Westinghouse Electric Corporation Uranium Contracts Litigation, 76 F.R.D. 47, 56 (W.D. Pa. 1977):

The [Pennsylvania] statute is essentially a codification of the common law privilege, Cohen v. Jenkintown Cab Co., 238 Pa. Super. 456, 462 n.2, 357 A. 2d 689 (1976), and while the statute refers only to communications from the client to the attorney and the privilege is intended to protect the client and not the attorney, the protection of the privilege must encompass all confidential professional communications from the attorney to the client, to the extent that such communication is based on confidential facts disclosed to the attorney by the client. Moore v. Bray, 10 Pa. 519 (1849); Trzesniowski v. Erie Insurance Exchange, 59 D. & C. 2d 44 (1973); Eisenman v. Hornberger, 44 D. & C. 2d

128 (1968). Such protection is necessary to reasonably assure the client of confidentiality and thereby foster open attorney-client dialogue.

Accordingly, we enter the following

PROTECTIVE ORDER

And now, May 21, 1982, defendant's motion for protective order is hereby granted. Plaintiff shall not conduct any discovery of Jack Younkin, Esq., concerning any communications to him from defendant's retained defense counsel nor information gained by attorney Younkin from the auditor general's office.